## Bloomer *v.* Meade, Appellant.

*Ejectment—Rule to bring second ejectment—Possession.*

Where a plaintiff in ejectment has recovered a verdict and judgment, and thereafter takes no steps to place herself in legal possession of the land, but enters into a contract by which she agrees to sell and convey to another whatever interest might be judicially determined thereafter to be in her, and it does not appear that her grantee either covenanted to go into possession under her, or actually did go into possession under her, the plaintiff is in no position to rule the defendant in the first ejectment to bring a second ejectment.

Argued April 15, 1904.   Appeal, No. 130, April T., 1904, by defendant, from order of C. P. No. 2, Allegheny Co., April T., 1899, No. 561, making absolute a rule to bring ejectment in case of Eliza Bloomer v. William M. Meade and Mary Meade. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Rule to bring ejectment.
The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court.

*J. M. Hunter*, with him *J. J. McAfee*, for appellants.—A judgment in ejectment does not change the relation between the plaintiff and defendant, so far as the possession is concerned : Pederick v. Searle, 5 S. & R. 236 ; Rambler v. Tryon, 7 S. &

R. 90 ; Ross v. Pleasants, 19 Pa. 157 ; Bennett v. Morrison, 120 Pa. 390 ; Duffy v. Duffy, 20 Pa. Superior Ct. 25 ; McGarry v. McGarry, 9 Pa. Superior Ct. 71.

When the rule is in proper form and the answer is deemed insufficient, the proper practice is to make the rule absolute, allow a reasonable time to bring the action, and upon failure so to do, enter judgment. This would seem to be in accord with Kennedy's petition, 19 Pa. Superior Court, 432.

*James W. Kinnear*, for appellee.—There is no question but that the party successful in one suit in ejectment and in possession of the property is the one entitled to the rule on the opposite party to bring a second action in ejectment within six months under the Act of May 21, 1881, P. L. 24 : Wynkoop v. Hoffner, 10 W. N. C. 173 ; Dewire v. Lawfer, 2 North Co. 36.

OPINION BY MORRISON, J., October 17, 1904 :

This action of ejectment was brought to the first Monday of March, 1899, and resulted in a verdict in favor of the plaintiff for an undivided one half of the land described in the writ, for the term of her natural life, and on April 18, 1902, judgment was entered on the verdict. On May 23, 1903, on motion of attorney for plaintiff a rule was entered on the defendants to show cause why a second action of ejectment should not be brought within six months. This rule was duly served, and on October 1, 1903, defendants filed their answer thereto. On January 22, 1904, a supplemental petition was filed by plaintiff, with leave of court, nunc pro tunc as of May 23, 1903, defendants to have ten days after notice to answer, and on February 1, 1904, defendants filed their answer to said petition.

After argument and on consideration the court on February 26, 1904, made the rule absolute requiring the defendants to bring an action of ejectment, but no formal judgment was entered and no time was allowed the defendants in which to bring such action after the making of the rule absolute.

The verdict and judgment in the case furnishes strong evidence that the defendants were in possession and that the plaintiff was not in possession at the time the suit was brought and tried.

The action of the court in making the rule absolute, and in

not allowing the defendants reasonable time in which to bring an action, and in not discharging the rule is assigned for error.

The main contention on the part of the defendants is that the plaintiff was not in possession and therefore had no right to rule the defendants to bring a second action of ejectment or suffer judgment in default thereof.

It, therefore, becomes important to inquire into the situation of the parties upon this question. It is conceded that the plaintiff did not issue a writ of habere facias possessionem under her judgment in the first ejectment, and she did not, therefore, go into possession under legal proceedings on that judgment. It is averred in her petition that on July 17, 1900, the Central Printing and Telegraph Company, a corporation under the laws of the state of Pennsylvania, agreed to purchase the interest in the property, which is the subject of contention in this suit, and by virtue of said agreement took possession of said property, and said company from thenceforth held possession of the same as grantee of the plaintiff. A copy of the agreement between the plaintiff and said corporation is printed in the record, and it does not contain any covenant authorizing the grantee to go into possession of said premises. It clearly appears from said contract that the corporation was purchasing the other interests in said land and was not willing to go into possession without a contract with the plaintiff agreeing to sell and convey whatever interest might be judicially determined thereafter to be in her. This contract does not clearly show that the corporation took possession of any interest in the property under the plaintiff. It rather shows an agreement to purchase any interest which it might in the future be judicially determined was in the plaintiff, and fixed the price and terms of such purchase.

In the answer of defendants to the petition of January 22, 1904, we find the following: " That the record in said case discloses the fact that plaintiff was not in possession of any interest in the property in question on July 17, 1900, and whilst it may be true that the C. P. and T. Co., on that day agreed to purchase any interest plaintiff might have therein. Yet under the agreement set forth by plaintiff with said company, it was not agreed or intended that the same was to in any man-

ner affect the litigation between plaintiff and defendants, but the same was to be prosecuted by plaintiff so as to determine by two judgments, what, if any, interest plaintiff was or is entitled to in said property ; and defendants deny that said company took, or was thereunder entitled to take possession of any interest, or supposed interest, therein as grantee of said plaintiff."

By bringing the original action of ejectment and prosecuting the same to verdict and judgment the plaintiff admitted herself out of possession. After procuring such verdict and judgment she might have been put in possession by proper legal proceedings, but she did not avail herself of this right. An examination of her agreement with the corporation does not disclose any undertaking on its part to enter into possession of any land and hold the same for the plaintiff. It rather bears the construction that the corporation was going into possession under other parties, and knowing that the plaintiff claimed an interest in the property and that her title was in dispute, made said agreement with her so that the corporation might not be disturbed in its possession, and so that if it should be judicially determined that the plaintiff owned any interest in the land, the price and terms were fixed under which it could hold the same.

In view of the terms of this contract and the defendants' explicit denial in their answer of the possession of the plaintiff, either by herself or by said corporation, we do not understand on what theory the court made the rule absolute without even granting the defendants leave to bring an action.

It is very clear under the provisions of the Act of May 21, 1881, P. L. 24, that the plaintiff must be in possession before she can compel the defendants to bring an action in ejectment for the premises in dispute.

The court erred in making the rule absolute and the order to that effect is reversed, at the costs of the appellee.